UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |  |
|---|---|---|
| MARQUES and VERONICA GRADY, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: 2:11-cv-00183-GMN-LRL |
| vs. | ) | |
| | ) | **ORDER** |
| BAC HOME LOAN SERVICING, LP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court are Defendants Mortgage Electronic Registration Systems, Inc. and BAC Home Loans Servicing, LP's Motion to Dismiss (ECF No. 13) and Defendant Quicken Loan's Motion to Dismiss (ECF No. 16). Plaintiffs, who are represented by counsel, have not filed a Response to either of the Motions to Dismiss. Defendants have, however, filed Notices of Non-Opposition (ECF Nos. 18 & 19). For the reasons that follow, both of the Motions to Dismiss will be GRANTED. Plaintiffs' Complaint will be dismissed without prejudice.

**I.   BACKGROUND**

This lawsuit was originally filed on February 2, 2011 in this court. Plaintiffs' Complaint alleges a number of causes of action against Defendants related to the foreclosure proceedings that have been initiated against Plaintiffs' residence.

On May 20, 2011, Defendants Mortgage Electronic Registration Systems, Inc. and BAC Home Loans Servicing, LP filed a Motion to Dismiss (ECF No. 13). Pursuant to D. Nev. R. 7-2(b), Plaintiffs had fourteen days after service of the Motion to file a Response; therefore, Plaintiffs had until June 6, 2011 to file a Response. Not only did Plaintiffs fail to meet this deadline, Plaintiffs have failed to file any Response at all.

On June 9, 2011, Defendant Quicken Loan filed its own Motion to Dismiss (ECF No. 16). Plaintiff has also failed to respond to that Motion to Dismiss, though their Response was due on June 25, 2011.

**II.    DISCUSSION**

Local Rule 7-2 (d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." D. Nev. R. 7-2(d). As the Ninth Circuit has held, "[f]ailure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *see, e.g., Roberts v. United States of America*, 01-cv-1230-RLH-LRL, 2002 WL 1770930 (D. Nev. June 13, 2002). However, before dismissing a case for failing to follow local rules or for failure to prosecute, the district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Under this test, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Also, the Court's need to manage its docket is manifest. *See State Farm Mutual Automobile Insurance Company v. Ireland*, 2:07-cv-01541-RCJ-RJJ, 2009 WL 4280282 (D. Nev. Nov. 30, 2009). Further, Plaintiffs' failure to respond to Defendants' Motions has unreasonably delayed the resolution of this case, and such unreasonable delay "creates a presumption of injury to the defense," *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

The fifth factor also does not weigh in favor of Plaintiffs because it does not appear that this case was likely to be decided on the merits anyway: Plaintiffs have

utterly failed to Respond to Defendants' Motions even though the first due date for a Response was over one month ago.  The Court has no reason to believe that Plaintiffs or their counsel will show a better degree of diligence in other aspects of this lawsuit.

These four factors outweigh factor (4) and, accordingly, Defendants' Motions to Dismiss are GRANTED.  Plaintiffs' Complaint shall be dismissed without prejudice.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss (ECF Nos. 13 & 16) are **GRANTED**.  Plaintiffs' Complaint is **DISMISSED without prejudice**.

DATED this 7th day of July, 2011.

_____
Gloria M. Navarro
United States District Judge